IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUN 0 7 2010
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

| | |
|---|---|
| ANDREA LOLLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 10-4079 |
| | ) |
| MATTHEWS & MICHAELS, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, ANDREA LOLLIS, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, MATTHEWS & MICHAELS, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2.  Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4.  ANDREA LOLLIS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Texarkana, County of Miller, State of Arkansas.

5.  The debt on which Defendant was attempting to collect was a debt allegedly owed by Plaintiff's son.

1

6. Upon information and belief, the debt that Plaintiff's son allegedly owed was for an insurance policy that was incurred primarily for the personal use of Plaintiff's son and/or for his household expenditure.

7. MATTHEWS & MICHAELS, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant's principal place of business is located in the State of Texas.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   ALLEGATIONS

13. On or about March 25, 2010, Jordan, Defendant's duly authorized representative, initiated a telephone call to Plaintiff at her place of employment in an attempt to locate Plaintiff's son.

14. During the course of the aforementioned telephone call, Defendant stated it was a private investigator who was trying to locate Plaintiff's son regarding a claim that had been filed against him. At that time, Plaintiff specifically advised Defendant that she did not have location information for her son.

15. Defendant's representation that it was a private investigator was false, misleading and deceptive given that Defendant is a debt collector who at all relevant times was attempting to collect a debt allegedly owed by Plaintiff's son.

16. That same day, despite being advised that Plaintiff did not know where her son was and without Defendant's reasonable belief that location information provided by Plaintiff for her son was incomplete or erroneous or that Plaintiff had more complete information as to her son's location, Jordan initiated three (3) more telephone calls to Plaintiff at her place of employment.

17. During the course of the aforementioned telephone calls with Defendant, Plaintiff again reiterated that she did not have location information for her son.

18. On or about April 7, 2010, despite being advised that Plaintiff did not know where her son was and without a reasonable belief that the location information provided by Plaintiff for her son was incomplete or erroneous or that Plaintiff had more complete information as to her son's location, Morgan, Defendant's duly authorized agent, initiated a telephone call to Plaintiff at her place of employment.

19. During the course of the aforementioned telephone call, Defendant stated that if Plaintiff did not provide location information for her son then Defendant would come to Plaintiff's place of employment and would "force her to talk."

20. On or about April 8, 2010, despite being advised that Plaintiff did not have location information for her son, Morgan, initiated another telephone call to Plaintiff at her place of employment. Defendant engaged in a telephone call with Plaintiff's co-worker.

21. During the aforementioned telephone call between Defendant and Plaintiff's co-worker, Defendant stated that it needed to speak with Plaintiff's supervisor. Defendant further stated that if it could not speak with Plaintiff's supervisor then it would go directly to Plaintiff's place of employment to speak with her supervisor.

22. Plaintiff's co-worker informed Plaintiff of the aforementioned statements made by Defendant.

23. Defendant's statements, as delineated above, were not statements made in an effort to seek location information regarding Plaintiff's son.

24. The natural consequence of Defendant's statements, as delineated above, was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

25. The natural consequence of Defendant's statements, as delineated above, was to cause Plaintiff mental distress.

26. In its attempts to collect the debt allegedly owed by Plaintiff's son, Defendant violated the FDCPA, 15 U.S.C. §1692, with respect to Plaintiff in one or more of the following ways:

  a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

  b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

  c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10); and,

    d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

27. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

28. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANDREA LOLLIS, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
ANDREA LOLLIS

By: _____
David M. Marco
Attorney for Plaintiff

Dated: June 1, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us